**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

Nos. 04-2461
     04-2462

MARY ANN HICKEY,

Plaintiff, Appellant,

v.

METROWEST MEDICAL CENTER, STEPHEN KRUSKALL
AND CONSTANCE A. COLLINS,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Richard G. Stearns, U.S. District Judge]

Before

Torruella, Circuit Judge,
Stahl, Senior Circuit Judge,
and Lipez, Circuit Judge.

Mary Ann Hickey on brief pro se.
James L. Wilkinson and Murray, Kelly & Bertrand, P.C., on brief for appellee MetroWest Medical Center.
Douglas A. Morgan, Holly L. Parks and Rindler Morgan, P.C., on brief for appellee Stephen Kruskall, M.D.
Richard W. Jensen and Morrison Mahoney LLP, on brief for appellee Constance A. Collins, M.D.

July 19, 2006

**Per Curiam**.  Mary Ann Hickey has appealed the dismissal of her complaint.[1]  We affirm.

Contrary to Hickey's contention, the district court did not err in granting the motion to dismiss filed by the defendant MetroWest Medical Center ("the Hospital") on the ground that Hickey had failed to allege any viable federal claim or alternate basis for federal jurisdiction.  On appeal, Hickey raises a procedurally-based argument by pointing to Fed. R. Civ. P. 12(g), which provides that a defense is waived if not included in any first motion filed under Rule 12.  She notes that the Hospital had previously unsuccessfully moved to dismiss for insufficient service of process.  Although the successful motion to dismiss was the second motion to dismiss filed by the Hospital, Rule 12(h) provides exceptions to waiver for the defense of failure to state a claim, see Fed. R. Civ. P. 12(h)(2), and lack of subject matter jurisdiction, see Fed. R. Civ. P. 12(h)(3).  Accordingly, there was no error.

---

[1]Hickey filed two notices of appeal.  Appeal No. 04-2461 is from a September 16, 2004 Order dismissing claims against two named defendants.  Appeal No. 04-2462 is from the September 21, 2004 Order dismissing the entire case.  Nothing turns on the distinction between the two appeals.

Hickey makes no substantial argument that the district court erred in finding that the Hospital was not a state actor and that ruling appears to us to be clearly correct. Therefore, essentially for the reasons stated in the district court's Order of November 6, 2003, we affirm the dismissal of the federal claims against the Hospital and the dismissal of the state law claims against that entity without prejudice.

To the extent that Hickey purports to raise federal civil rights claims against Dr. Collins and Dr. Kruskall, those claims are fatally deficient for the same reason. Neither physician is a state actor. The district court did not dismiss Hickey's complaint against these defendants on this ground, however. Instead, the district court concluded that any fair reading of Hickey's complaint makes clear that she was challenging the medical treatment she did or did not receive from Dr. Collins and Dr. Kruskall. We agree with this assessment. Notwithstanding Hickey's labeling of her claims, she was challenging medical judgments.

Thereafter, the district court referred the matter to the state court for the convening of a medical malpractice tribunal. This referral was in error. Once the district court concluded that all that Hickey raised were essentially state law medical malpractice claims against these defendants (and no other basis for federal jurisdiction was apparent), it should have dismissed the complaint against them for lack of jurisdiction. See Pallazola v.

Rucker, 797 F.2d 1116, 1127-28 (1st Cir. 1986) (in the absence of subject matter jurisdiction, the court was required to dismiss on jurisdictional grounds); cf. Feinstein v. Massachusetts Gen. Hosp., 643 F.2d 880 (1st Cir. 1981) (a Massachusetts *diversity-based* medical malpractice action filed in federal court must follow the state's statutory provision requiring a pre-screening by a medical malpractice tribunal). We, therefore, do not reach Hickey's argument that the district court erred in dismissing her claims for failure to post the required bond after the tribunal found in the defendants' favor. To the extent that Hickey's remaining arguments of error by the district court -- the denial of appointed counsel, leave to amend, and discovery -- are not mooted, they are rejected as unpersuasive.

Accordingly, we affirm, in all respects, the district court's dismissal of the claims against the Hospital. Although we also affirm the dismissal of the claims against Dr. Collins and Dr. Kruskall, we do so on the ground that no viable federal claim was presented and, to the extent that state law based claims were presented, those claims are properly dismissed for lack of jurisdiction. As is the case with the Hospital, the dismissal of the state law claims against the defendant physicians is without prejudice. Whether that qualification makes an effective distinction in these circumstances is unclear since the convening of a medical malpractice tribunal would have resulted even if the

-4-

state law claims against Dr. Collins and Dr. Kruskall had been dismissed for lack of jurisdiction by the district court and then reinstituted in the state court. We offer no speculation as to whether a state court would now conclude that Hickey is precluded from presenting her claims at a *second* tribunal.

The Order of Dismissal entered on September 21, 2004, dismissing the complaint in its entirety, is <u>affirmed</u>. The dismissal with respect to Dr. Collins and Dr. Kruskall shall reflect that dismissal is grounded on lack of jurisdiction and, to the extent that state law claims are presented, those claims are dismissed without prejudice.

<u>So Ordered.</u>